# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Donald Preston, | Case No.: 2:14-cv-55-JAD-PAL |
|        Plaintiff, | |
|           v. | **Order Adopting Report and Recommendation [Doc. 10] and Granting Preston's Motion for Default Judgment [Doc. 9]** |
| Appollo, | |
|        Defendants. | |

Plaintiff Donald Preston moves for default judgment against defendant "Appollo"[1] seeking statutory damages of $1,000 under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(a)(2)(A), $1,775 in attorney's fees as the prevailing party in this lawsuit and $500 in costs.[2] On April 8, 2015, Magistrate Judge Leen entered a report and recommendation finding that the full $3,225 amount is reasonable and should be awarded.[3]  Objections were due April 22, 2015.[4]  Neither party has filed an objection.  "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[5]

Even were I to independently review and evaluate the merits of Magistrate Judge Leen's conclusions, I would reach the same result.  Federal Rule of Civil Procedure 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it.  After obtaining a clerk's entry of default, the movant must

---

[1] According to the Affidavit of Service, defendant's full name is "Appollo Collections LLC." Doc. 5 at 1.

[2] Doc. 9 at 8.

[3] Doc. 10 at 3.

[4] The docket in this instance indicates that objections were due by April 25, 2015, Doc. 10—which, under the federal rules would be extended to the next business day on Monday, April 27, 2015. *See* Fed. R. Civ. Proc. 6(a).

[5] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003).  *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1   request a default judgment from the court under Rule 55(b)(2).[6]  The court has discretion to enter a

2   judgment by default, which typically turns on the consideration of the seven factors under *Eitel v.*

3   *McCool*: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3)

4   the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the potential

5   disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong

6   federal policy favoring adjudications on the merits.[7]  Upon review of the application for default

7   judgment, I find Preston has satisfied both the procedural and substantive requirements for obtaining

8   a default judgment under *Eitel*.

9        Preston is also entitled to a judgment in the amount of his full requested costs.  First, he

10   prevailed on his FDCPA suit for violation of 15 U.S.C. §§ 1692-1692p, entitling him to the $1,000

11   in "additional damages" he requests.[8]  Preston's $500 in costs for filing and service of the complaint

12   are also awardable as "fees of the clerk and marshal."[9]

13        As to Preston's requested attorney's fees of $1,775, an award of attorney's fees in FDCPA

14   actions is mandatory if the plaintiff prevails.[10]  The fee calculation is governed by the lodestar

15   method, which "is calculated by multiplying the number of hours the prevailing party reasonably

16   extended on the litigation by a reasonable hourly rate."[11]  This figure may then be adjusted upward

17   or downward based on the 12-factor test in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.

18   ————————————

19   [6] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986);

20   [7] *See id.* at 1471-72.

21   [8] Doc. 1 at 11-12; 15 U.S.C. § 1692k(a)(2)(A)-(B).

22   [9] 28 U.S.C. § 1920(1); Fed. R. Civ. Proc. 54(d)(1); *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1179 (2013) (noting that 15 U.S.C. § 1692k(a)(3) did not displace Rule 54(d)(1) for an award of costs in FDCPA actions); *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) (awarding private process server fees under 28 U.S.C. § 1920(1)); Doc. 9-2 at 2.  I note that while Preston requests $500 for "filing" and "service," *id.*, his attorney, Danny Horen, has submitted a declaration that indicates that this $500 amount was comprised of "a filing fee, process service fee, copies, and postage." Doc. 9-4 at 6.  I construe the list of costs contained at Doc. 9-2 at 2 to have neglected to include "copes and postage," and rely instead on Horen's declaration that the $500 requested accurately reflects all of the awardable costs incurred in prosecuting this lawsuit.

27   [10] 15 U.S.C. § 1692k(a)(3); *Camacho v. Bridgeport*, 523 F.3d 973, 978 (9th Cir. 2008).

28   [11] *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 n.11 (9th Cir. 2012) (quotation omitted).

2

1   1975), which is incorporated into this district's local rule 54-16:[12]

2        (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the

3        preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

4        imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

5        "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[13]

6   "This circuit requires that courts reach attorneys' fee decisions by considering some or all of" the

7   *Kerr* factors, and "[a] mere statement that the court has considered the *Kerr* guidelines does not

8   make a decision within the court's discretion."[14]

9        To support his request for attorney fees, Preston offers the declaration of his attorney Danny

10  Horen.[15] Horen declares he is a managing associate at the Kazerouni Law Group, PAC, was

11  admitted to the Nevada bar in 2013, and has handled federal litigation in more than 30 cases—which

12  have resulted in more than 20 published decisions.[16] He claims his requested $250 hourly rate is

13  "based on *our* experience, *our* proficiency, and *our* winning track record."[17] Horen also attaches an

14  itemized list of billing entries totaling 11.3 hours, but he only seeks recovery for 7.1 hours that he

15  billed.[18]

16       Although Horen's declaration never explicitly explains why a $250 hourly award is

17  compensable for *his* work, the relevant test for determining the reasonableness of an hourly wage is

18  whether the rate is "in line with those prevailing in the community for similar services by lawyers of

19

20

21

---

22  [12] *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (quotation omitted).

23  [13] *Id.* at 869.

24  [14] *Id.* at 868-69.

25  [15] Doc. 9-4.

26  [16] *Id.* at 3.

27  [17] *Id.* at 5 (emphasis added).

28  [18] *See* Doc. 9-1 at 2; Doc. 9-4 at 6.

1  reasonably comparable skill, experience and reputation."[19]  Other courts in this district have found a

2  rate of $250 appropriate for Las Vegas attorneys with one to three years of experience.[20]  I do not

3  disagree.

4         Moreover, I find Horen's 7.1 hours are a reasonable reflection of the time spent on this

5  lawsuit.  Additionally, as Horen notes, debt-collection cases are undesirable "due to the specialized

6  and complex nature of the statute and case law and due the relative financial resources of the

7  respective parties."[21]  Horen's declaration thus satisfies the second, third, and tenth *Kerr* factors at

8  the very least.  Preston is entitled to recover the $1,775 in attorney's fees he requests.

9                                        **Conclusion**

10         Accordingly, and with good cause appearing,

11         It is hereby ORDERED that Magistrate Judge Leen's report and recommendation **[Doc. 10]**

12  **is ADOPTED**.

13         It is FURTHER ORDERED that Preston's motion for default judgment **[Doc. 9] is**

14  **GRANTED**.

15         It is FURTHER ORDERED, ADJUDGED, and DECREED that Final Judgment is entered in

16  favor of Preston and against Appollo as follows:

17         1.    Damages in the amount of $1,000.  15 U.S.C. § 1692k(a)(2)(A);

18         2.    Attorney fees in the amount of $1,775.  15 U.S.C. § 1692k(a)(3);

19         3.    Costs of $500.  28 U.S.C. § 1920(1); Fed. R. Civ. Proc. 54(d)(1); in the total amount

20               of $3,225.

21         The clerk of court is instructed to enter judgment and close this case.

22         DATED: April 28, 2015.

23                                        _____
                                          Jennifer A. Dorsey
                                          United States District Judge

24

25         [19] *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see Welch v. Metro. Life Ins. Co.*, 480
26  F.3d 942, 946 (9th Cir. 2007).

27         [20] *See, e.g.*, *Silver State Broadcasting, LLC v. Beasley FM Acquisition*, 2015 WL 1186461, at
    *2 (D. Nev. Mar. 16, 2015).

28         [21] Doc. 9-4 at 5.

4